*Kennon, J.
The parties entered into the agreement de- [242 dared on, as follows:
“ Cleveland, March 8, 1847.
“Know all men by these presents, That I, G. W. Berry, of the city of Cleveland, do hereby bind myself to give my entire services to W. "Wisdom, upholsterer, of the city of Cleveland, for the term of three years from the date of this instrument; and 1 further pledge myself to consider all communications made to me, appertaining to the business department, as strictly confidential; and further, to use my best exertions and abilities, for the interest and welfare of the said Wisdom; and it is distinctly understood that I enter into this agreement as an apprentice, and will use all effort to benefit by all, every, and singular instructions given me by the said W. Wisdom and his foreman; and whereas, I have this day executed a note for two hundred dollars, that note shall become due and payable to W. Wisdom, on full proof a breach of this contract.”
This contract is signed and sealed by Berry and Wisdom.
The note is as follows:
“$200. Cleveland, March 8, 1847.
“ At any time within three years from date, I promise to pay W. Wisdom, the sum of two hundred dollars, on full proof of a breach of the contract entered into with the said W. Wisdom, this day.
“G-eorge W. Berry.”
Wisdom declared in debt, reciting the substance of the agreement and note.
On the trial of the case, Wisdom gave in evidence these two instruments of writing, and some evidence that the services of Berry were of some value, without showing of how much value, and that *243 Berry left his service three months after the agreement. No other evidence was offered on either side.
Berry asked the court to charge the jury that the note offered in evidence was in the nature of a penalty, and not liquidated damages.
This charge the court refused to give, but, on the contrary, charged that-if the jury found there was any breach of the covenant on the part of Berry, they should consider the note as liquidated damages, and find a verdict for the $200, and interest from the time of the breach.
The jury found a verdict in accordance with the instruction, upon which judgment was entered for Wisdom.
243] *To the opinion of the court upon this point, the defendant, Berry, excepted, and the only .question is, whether the court erred in this instruction.
The note and agreement are on separate pieces of paper, dated at the same time and place, and each refers to the other.
By the agreement, Berry bound himself to do several things:
1. To give his entire services to Wisdom, for the term of three years.
2. To consider all communications made to him, relating to the business department, as strictly confidential.
3. To use his best exertions and abilities for the interest and welfare of Wisdom.
4. That, as Berry was understood to enter into the agreement as an apprentice, he would use all and every effort to benefit, by all and every instruction given to him by Wisdom or his foreman.
5. That Berry would pay the amount of the note of $200 within three years, upon full proof of a breach of the contract.
The real question is, what did the parties intend by this contract ? Bid they intend that for any and all breaches of this contract, Berry should pay $200, neither more nor less? Bid they intend that if Berry violated the contract, in communicating any matter relating to the business department of Wisdom as an upholsterer; or if he should fail, in any instance, to use his best exertions and abilities for the interest and welfare of Wisdom; or if he should violate his contract by not working for Wisdom the last week of the three years, or any other week, or day, he should forfeit and pay the sum of $200, although it might be shown by evidence that Wisdom could not have sustained damage to a greater amount than ten dollars ?
*244, 245 Did they intend that the same damages should be given for a violation of the most unimportant and the most important covenants in the agreement? Two hundred dollars for the loss of three days’ *work, and the same sum for the loss of three years’ [244 service ? Before a court would put such a construction on a contract, it must appear clearly to have been the intention of the parties themselves.
Some general rules have been laid down by courts, as rules of construction, for the purpose of ascertaining the intention of the parties to such instruments, although the decided cases do not aid the court much in coming to a correct conclusion on. the subject, for the reason that no two contracts are found to be precisely alike. The decision of each ease depends upon its own peculiar circumstances. ■
In all cases, however, where the contract is for the payment of money, and the liquidated damages or penalty is greater than the sum secured to be paid, the court will hold the supposed liquidated damages to be a mere penalty to secure the payment of the lesser sum of money. Such cases, however, generally, but not always, are placed upon the ground of an unlawful attempt to recover usurious interest. ■
Where there has been a partial performance of the contract, on the part of the defendant, courts incline to put such a construction on the contract as to give to the plaintiff no more than the actual damages which he may have sustained by a breach of the contract. Indeed, if courts were to hold that the stipulated damages were actually liquidated by the parties, still, if the party defendant had performed nearly all his covenants, justice would require that there should be an abatement in the amount of the liquidated damages, in proportion to the benefit received by the plaintiff in the part performance, and some courts have required the abatement to be made.
When the agreement is for the performance of several things, and a gross sum is made payable upon a breach of the contract, and •some of the things to be performed are of less importance than others, and the damages sustained could be easily ascertained, the presumption would be that the gross sum was not intended to be liquidated damages.
*Chitty on Contracts, 894 (9 Am. ed.), lays down the rule [245 thus:
*246 “ When articles contain covenants for several things, and then one large sum is stated at the end to be paid upon breach of the performance, that must be considered a penalty.”
This rule seems to embrace the principle upon which many decisions have been made. The case of Kemble v. Farren, found in 6 Bingham, 141, is a leading case on this subject. The ease was this: By an agreement between the plaintiff and defendant, the defendant agreed to act as principal comedian at Oovent Garden theater, for four seasons, commencing in 1828, and in all things to comply with the regulations of the theater. The plaintiff agreed to pay the defendant about £4 every night the theater should be open the ensuing four seasons, and that the defendant should be allowed one benefit each season. And the agreement contained this clause: That if either party should fail to fulfill the agreement, or any part thereof, or any stipulation therein, such party should pay to the other the sum of £1,000, to which sum it was agreed that the damages sustained by such failure should amount, as liquidated damages, and not a penalty, or in the nature of penalty. The breach assigned was, that the defendant refused to act during the second season. The court held that the £1,000 were not liquidated damages, notwithstanding the strong language of the agreement.
If we look only to the language of the contract, a stronger case for liquidated damages would be hard to find; but if, under the above rule, we look also to the subject-matter of the contract, and the nature of the covenants to be performed, it would seem almost impossible that the parties could have intended that, for any breach the £1,000 should be paid.
In the case of Lange v. Work, 2 Ohio St., this court cite and approve of the decision in 6 Bingham.
In this case, the defendant had in part performed his contract; he had served the plaintiff three months. There are several cove-246] nants in the agreement, the performance of *some of which must be of less importance to the plaintiff than others, and the damages for a breach of which could be easily ascertained; such, for instance, as the non-performance of labor for a few days.
We think that it is not only not clear that the parties intended that Berry should pay $200 for the loss of a few days’ labor, and. should only pay that sum for a violation of any contract in his agreement, although Wisdom might have sustained much larger damages, but, on the contrary, it is rather a clear proposition that *247 they never could have intended any such thing; and we feel fully satisfied, by the nature and language of the contract itself, in holding that the parties intended the gross sum of $200 to be a penalty only, and not liquidated damages, to be recovered for any breach of the contract on the part of Berry. I have no doubt myself that Wisdom might have sustained an action of covenant on the agreement, and might have recovered a much larger sum than $200, if he could have proved damages to a larger amount, notwithstanding the agreement to pay the gross sum of $200. We think the court erred in giving the charge that this gross sum must be considered as liquidated damages.
The judgment is reversed.